1 | JULIA DAVIS
2 | BJ DAVIS
  | 11271 Ventura Blvd.
3 | Ste. 733
  | Studio City, CA 91604
4 | Telephone: (310) 494-0107
  | E-mail: JuliaDavisNews@gmail.com
5 | Plaintiffs in Pro Se

FILED
CLERK, U.S. DISTRICT COURT
JUN - 8 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

6

## UNITED STATES DISTRICT COURT

7

## CENTRAL DISTRICT OF CALIFORNIA

8 | JULIA DAVIS, BJ DAVIS,

Case No. CV-15- 04276-MWF (ASx)

9

10 | Plaintiffs,

11 | vs.

12 | SONY PICTURES
ENTERTAINMENT, a New York
13 | Corporation, COLUMBIA
PICTURES, a California Corporation,
14 | ENTERTAINMENT PARTNERS, a
California Corporation, AVI ARAD
15 | PRODUCTIONS, a California
Corporation, ARMSTRONG
16 | ACTION, a California Production,
SCREEN ACTORS GUILD, a
17 | California Corporation, SCREEN
ACTORS GUILD PRODUCERS
18 | PENSION AND HEALTH PLANS, a
California Corporation, IMDBCOM,
19 | INC, a DELAWARE Corporation,
JAMES ARMSTRONG, an individual,
20 | JAY CARRADO, an individual, John
Does 1-25
21

22

23 | Defendants

COMPLAINT FOR DAMAGES FOR
PERSONAL INJURY,
BREACH OF CONTRACT,
WORKPLACE VIOLENCE,
INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS,
INTERFERENCE WITH RIGHT TO
WORK,
DISCRIMINATION,
RETALIATION FOR PROTECTED
ACTIVITY,
HARASSMENT,
DENIAL OF MEDICAL
TREATMENT,

DEMAND FOR JURY TRIAL

24

25

26 | Plaintiffs JULIA DAVIS and BJ DAVIS hereby allege:

27

PAID
JUN - 8 2015
Clerk, US District Court
COURT 4612

28

1

## JURISDICTION

1.     The court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367.

## VENUE

2.     Venue is proper in the Central District of California pursuant to 28 U.S.C. 1391, because Plaintiffs reside in this district, a substantial part of the events or omissions giving rise to the claim occurred in the district, these events involve parties that reside in different states, the amount in controversy is over $75,000 and the injury involved a violation of a federal law. In addition to California-based corporations named as Defendants, non-California companies named as Defendants keep branch offices and/or other facilities in California and therefore can be considered to have minimum contacts with this state.

## INTRODUCTION

3.     Plaintiffs JULIA DAVIS and BJ DAVIS are citizens of the United States and at all times relevant to this lawsuit were residents of the State of California. Plaintiff BJ DAVIS is a highly successful, world renowned, Hollywood Stuntman Hall of Fame inductee, world record holder, Stuntman, stunt double to five Academy Award winners, with a Bachelor Of Science in Communications, who studied at the Lee Strasberg Theatre & Film Institute. Plaintiff JULIA DAVIS is an accomplished stuntwoman, having doubled two Academy Award winners. She has a Masters Degree and fluently speaks multiple languages.

4.     Plaintiffs BJ DAVIS and JULIA DAVIS were contractually employed by Defendants SONY PICTURES ("SONY") and COLUMBIA PICTURES ("COLUMBIA"), as Screen Actors Guild ("SAG") signators, employing the services of SAG members only. Plaintiffs BJ DAVIS and JULIA DAVIS were employed under the covenants of the Screen Actors Guild, as members in good standing, to work per guild guidelines and provisions. Contractual agreements signed by Plaintiffs BJ DAVIS and JULIA DAVIS incorporate the terms of SAG Codified Basic Agreement, which guarantees safe workplace environment, OSHA meetings before any stunt-related activities and provides other guarantees, violated by Defendants. Defendants SONY and COLUMBIA PICTURES are in breach of their contractual agreements with Plaintiffs, as detailed within this complaint.

5.     On or about June 8, 2013, Plaintiff BJ DAVIS sustained workplace violence, intentional assault leading to life-altering disability in a hostile workplace, on the set of the feature film "The Amazing Spider-Man 2" while employed by Defendants SONY PICTURES and COLUMBIA PICTURES.

6.     Discrimination against Plaintiffs commenced when they were hired "as locals", based on the claim of Defendant JAMES ARMSTRONG and his father, ANDY ARMSTRONG that production companies (Defendants SONY, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS and ARMSTRONG ACTION) were allegedly hiring only New York-based stuntmen/women. This meant that in spite of meeting and exceeding qualifications for the job, in order to get hired Plaintiffs had to purchase plane tickets and pay for their own accommodations. Upon arriving to the set, Plaintiffs discovered that such conditions were not imposed upon other stunt performers. In fact, stunt personnel of lesser qualifications were brought in from Los Angeles, CA and other regional

3

COMPLAINT FOR DAMAGES

areas of the United States, England and Mexico at the expense of production companies, including Defendants SONY and COLUMBIA PICTURES.

7.     While working on the feature film "The Amazing Spider-Man 2," Plaintiff BJ DAVIS was subjected to age discrimination and retaliation for his prior political activities as the former Secretary for Charlton Heston and as a SAG Safety Representative. Plaintiff BJ DAVIS previously stopped the classification of stunt performers, which would have undermined the right to work for average stunt people, women and minorities while creating a monopoly by SAG Board members of the Screen Actors Guild. Plaintiff BJ DAVIS also forced the Screen Actors Guild to represent Stunt Coordinators contractually. He rallied and united the stunt community, forming the National League of SAG Stunt Performers to legally sue the Screen Actors Guild and thereby achieving the desired outcome.

These activities prejudiced Defendants against Plaintiff BJ DAVIS and Plaintiff JULIA DAVIS as his spouse. Plaintiffs were purposely ostracized on the set of "The Amazing Spider-Man 2," were repeatedly given broken radios or radios with dead batteries, were assigned to drive defective stunt vehicles with non-functioning air conditioning and were not selected to perform the major stunts, which were assigned by Defendant JAMES ARMSTRONG to his friends and significant others. Plaintiffs were unduly subjected to harassment and discrimination.

8.     Discrimination against Plaintiffs in a hostile workplace escalated to the point of workplace violence, wherein Plaintiff BJ DAVIS was intentionally assaulted by Defendant JAY CARRADO, based upon directives of Defendant JAMES ARMSTRONG, acting on behalf of Defendants SONY, COLUMBIA,

AVI ARAD PRODUCTIONS, ARMSTRONG ACTION and other production companies and entities involved in the filming of "The Amazing Spider-Man 2". This assault caused Plaintiff BJ DAVIS severe, life-altering injuries, requiring several surgeries and causing bodily harm that, according to the treating physicians, may lead to his permanent disability. Plaintiff BJ DAVIS is now temporarily totally disabled, due to the severity of the injuries inflicted upon him on the set of the feature film "The Amazing Spider-Man 2."

Defendants SONY and COLUMBIA PICTURES breached their contractual agreement with Plaintiff BJ DAVIS, wherein they were obligated to provide a safe workplace. Defendants failed to notify/warn Plaintiff of the planned assault, failed to provide medical help, did not have a medic present on the set, contrary to the requirements in the Screen Actors Guild contractual agreement with Plaintiff, by which Defendants are bound.

Defendants refused to compensate Plaintiff for the medical expenses he incurred and will continue to incur due to the injuries caused by Plaintiffs SONY, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION and their representatives. These Defendants inflicted not only severe bodily injuries upon Plaintiff BJ DAVIS, but also intentionally inflicted emotional distress upon both Plaintiffs, depriving them of enjoyment of life and negatively impacting their ability and right to work in the future.

9. Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION retaliated against Plaintiffs BJ DAVIS and JULIA DAVIS for their complaints to governmental agencies pertaining to Defendants'

actions that intentionally caused serious injuries to Plaintiff BJ DAVIS. Above-mentioned Defendants caused Plaintiffs' not to receive credits on the feature film "The Amazing Spider-Man 2."

Furthermore, above-mentioned Defendants repeatedly deleted Plaintiff BJ DAVIS and Plaintiff JULIA DAVIS' film credits for the said film from the Internet Movie Database (IMDB.com), aided and abetted by Defendant IMDBCOM. Defendant IMDBCOM allowed the deletion of Plaintiffs' film credits, in spite of Plaintiffs repeatedly challenging the said deletions and offering copies of their contracts and newspaper articles featuring Plaintiff BJ DAVIS in action scenes of the feature film "The Amazing Spider-Man 2". These deliberate activities negatively affected the rating assigned to performers by the IMDB database, thereby impacting Plaintiffs' future work opportunities and standing as film professionals.

10.    Additionally, Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION retaliated against Plaintiffs BJ DAVIS and JULIA DAVIS for their complaints to governmental agencies pertaining to Defendants' actions that intentionally caused serious injuries to Plaintiff BJ DAVIS by intentionally misreporting Plaintiff JULIA DAVIS' earnings on the film as approximately one/tenth of the amount she actually earned. Defendants SCREEN ACTORS GUILD and SCREEN ACTORS GUILD PRODUCERS AND HEALTH PLANS repeatedly failed to correct this issue, which negatively impacts Plaintiff JULIA DAVIS future pension and health contributions and coverage.

11.    Defendants SCREEN ACTORS GUILD and SCREEN ACTORS

COMPLAINT FOR DAMAGES

GUILD PRODUCERS AND HEALTH PLANS issued Plaintiff Julia Davis' residual check for her work on "The Amazing Spider-Man 2" to an unknown third party, whom Defendants refused to identify. As the result, Plaintiff's residual check had to be issued as a "reimbursement," again being excluded from Plaintiff JULIA DAVIS' pension and health contributions and coverage.

Defendants refused to explain why Plaintiff JULIA DAVIS' residual check was sent to an unidentified third party, how many times this might have happened and whether any measures were put into place to prevent this happening in the future. These actions by Defendants caused Plaintiffs not only current and future negative economic impact, but also contributed to their severe stress and duress caused by Defendants to Plaintiffs in this case.

## FIRST CAUSE OF ACTION
## PERSONAL INJURY

(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION, JAMES ARMSTRONG and JAY CARRADO)

12.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 11 as though fully set forth herein. On or about June 8, 2013 in New York, New York, at approximately 8:00 PM, Plaintiff BJ DAVIS was targeted to be intentionally, selectively and maliciously blind-sided by Defendant JAY CARRADO, with an attempted clothesline tackle at full, running, body speed in a collision for a scene that was choreographed and designated with no physical contact, impact or stunts.

This assault/ instance of workplace violence took place in a looting scene for

1 the feature film "The Amazing Spider-Man 2", an Exterior Night Scene, practical
2 grocery store location. Plaintiff BJ DAVIS had no prior knowledge of this assault
3 that was covertly planned by Defendants JAY CARRADO and JAMES
4 ARMSTRONG in advance. A hostile and dangerous workplace had been created
5 to ambush Plaintiff BJ DAVIS, who was unaware that Defendants JAY
6 CARRADO and JAMES ARMSTRONG sought to willfully, maliciously and
7 intentionally damage and injure Plaintiff.

8        Even more telling is the fact that Defendant JAY CARRADO was instructed
9 by Defendant JAMES ARMSTRONG to attack Plaintiff BJ DAVIS during the
10 filming just off-camera, which further elucidates the fact that the said attack was
11 not part of any "action" or "stunt" sequence.

12        Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA
13 PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION are directly
14 responsible for the actions of Defendant JAMES ARMSTRONG as the Stunt
15 Coordinator acting on behalf of the above-mentioned Defendant companies on the
16 set of "The Amazing Spider-Man 2" and the intentional assault that he maliciously
17 arranged against Plaintiff BJ DAVIS.

18        The Defendants intentionally set forth events to injure Plaintiff BJ DAVIS
19 and indeed caused him severe bodily injuries, fracturing his collar bone, causing
20 rotator cuff tears, vertebrae compression, spine nerve damage, whiplash from the
21 full frontal, full speed, full contact, attempted clothesline tackle, pinched nerves
22 (neuropathy) and other potentially permanent damage. Plaintiff BJ DAVIS was
23 medically diagnosed to undergo four (4) surgeries to repair injuries caused by
24 Defendants.

25

26                    **SECOND CAUSE OF ACTION**
27                    **BREACH OF CONTRACT**
28

COMPLAINT FOR DAMAGES

(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION)

13.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 12 as though fully set forth herein. Plaintiffs BJ DAVIS and JULIA DAVIS were contractually employed by Defendants SONY PICTURES ("SONY") and COLUMBIA PICTURES ("COLUMBIA"), as Screen Actors Guild ("SAG") signators, employing the services of SAG members only. Plaintiffs BJ DAVIS and JULIA DAVIS were employed under the covenants of the Screen Actors Guild, as members in good standing, to work per guild guidelines and provisions.

Clause 2 of the contractual agreements signed by Plaintiffs BJ DAVIS and JULIA DAVIS incorporate the terms of SAG Codified Basic Agreement, which guarantees safe workplace environment, OSHA meetings before any stunt-related activities and provides other guarantees, violated by Defendants. Defendants SONY and COLUMBIA PICTURES are in breach of their contractual agreements with Plaintiffs. Specifically, one of the contractual obligations violated by Defendants states:

"Section 28: Injuries to Persons or Property During Performance; Safety

B. *Protection of Performers; Safety*

It shall be the policy of the parties to this Agreement that performers employed hereunder shall, to the extent possible, not be placed in circumstances hazardous or dangerous to the individual. In furtherance of this policy, it is agreed:

(1) When Producer requires script or non-script stunts or stunt-related activity of a performer, an individual qualified by training and/or experience

in the planning, setting up and/or performance of the type of stunt involved shall be engaged and present on the set. No performer without such requisite training and/or experience shall be required to perform a stunt or stunt-related activity without an opportunity for prior consultation by the performer with such individual.

(4) The performer's consent shall be a requisite precondition to performing stunts or other hazardous activity. The performer's consent shall be limited to the stunt or activity described to the performer at the time consent was given."

Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION and Plaintiff BJ DAVIS participated in a safety meeting per OSHA/New York, Screen Actor Guild, Director Guild rules and regulations to state there would be no physical action or contact in this particular scene.

The Defendants intentionally set forth events to humiliate, harass, assault and injure Plaintiff BJ DAVIS and indeed caused him severe bodily injuries, fracturing his collar bone, causing rotator cuff tears, vertebrae compression, spine nerve damage, whiplash from the full frontal, full speed, full contact, attempted clothesline tackle, pinched nerves (neuropathy) and other potentially permanent damage. Plaintiff BJ DAVIS was medically diagnosed to undergo four (4) surgeries to repair injuries caused by Defendants. Due to Defendants' refusal to respond to Plaintiff's complaints and requests for medical treatment and reimbursement, Plaintiff BJ DAVIS underwent a rotator cuff repair surgery at his own expense.

Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS and ARMSTRONG ACTION are in

breach of the contractual agreement with Plaintiff BJ DAVIS and should be held accountable for intentional assault, negligent supervision, negligent failure to warn, failure to provide safe work environment, breach of contract, discrimination, harassment and resulting injuries and damages.

## THIRD CAUSE OF ACTION
## WORKPLACE VIOLENCE

(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION, JAMES ARMSTRONG and JAY CARRADO)

14.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 13 as though fully set forth herein. On or about June 8, 2013 in New York, New York, at approximately 8:00 PM, Plaintiff BJ DAVIS was targeted to be intentionally, selectively and maliciously blind-sided by Defendant JAY CARRADO, with an attempted clothesline tackle at full, running, body speed in a collision for a scene that was choreographed and designated with no physical contact, impact or stunts.

This instance of workplace violence was purposely, covertly and maliciously arranged against Plaintiff BJ DAVIS, who had no prior knowledge of this assault by Defendants JAY CARRADO and JAMES ARMSTRONG. A hostile and dangerous workplace had been created to ambush Plaintiff BJ DAVIS, who was unaware that Defendants JAY CARRADO and JAMES ARMSTRONG sought to willfully, maliciously and intentionally damage and injure Plaintiff. Employers, Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS and ARMSTRONG ACTION are liable for the incident of workplace violence, which not only could have been prevented, but was maliciously arranged by the above-mentioned Defendants, in direct violation of

their obligations to provide a safe workplace for their employees.

### FOURTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT,
COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD
PRODUCTIONS, ARMSTRONG ACTION, SCREEN ACTORS GUILD,
SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS,
IMDBCOM, INC, JAMES ARMSTRONG and JAY CARRADO)

15.    Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 14 as though fully set forth herein.

Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION JAMES ARMSTRONG and JAY CARRADO intentionally inflicted emotional distress upon Plaintiffs, because of discrimination, harassment and debilitating injuries inflicted upon Plaintiff BJ DAVIS on the set of the feature film "The Amazing Spider-Man 2", as well as Defendants' refusal to provide medical treatment and/or reimbursement to Plaintiff BJ DAVIS for the medical treatment (including surgery) of severe, debilitating injuries, incurred during the filming of the feature film "The Amazing Spider-Man 2".

Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS intentionally inflicted emotional distress upon Plaintiffs, by failing to take any action to protect their rights as Screen Actors Guild performers. Furthermore, Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS aided and abetted Defendants SONY and COLUMBIA PICTURES by incorrectly reporting Plaintiffs' earnings, issuing their residuals to

third parties and failing to correct glaring errors in reporting of Plaintiffs' earnings in spite of numerous written requests.

Defendant IMDBCOM, INC intentionally inflicted emotional distress upon Plaintiffs by repeatedly allowing Defendants SONY and COLUMBIA PICTURES to unjustly delete Plaintiffs' film credits from the Internet Movie Database online listings, in spite of Plaintiffs' numerous communications, offering undeniable proof of their contractual work on the feature film "The Amazing Spider-Man 2". Defendant IMDBCOM, INC removed, or allowed third parties to remove, Plaintiffs' earned film credits from database listings, causing their film rankings to plummet and therefore negatively impacting Plaintiffs' good standing as seasoned film professionals.

## FIFTH CAUSE OF ACTION
## INTERFERENCE WITH RIGHT TO WORK
(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT,
COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD
PRODUCTIONS, ARMSTRONG ACTION, SCREEN ACTORS GUILD,
SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS,
IMDBCOM, INC, JAMES ARMSTRONG and JAY CARRADO)

16.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 15 as though fully set forth herein. Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION JAMES ARMSTRONG and JAY CARRADO knowingly, willfully and maliciously interfered with Plaintiffs' right to work, equal opportunity and a safe workplace, free of harassment and violence. Plaintiffs were discriminated against by the above-mentioned Defendants during their contracted work on the feature film "The Amazing Spider-Man 2."

COMPLAINT FOR DAMAGES

Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION JAMES ARMSTRONG and JAY CARRADO are responsible for debilitating injuries inflicted upon Plaintiff BJ DAVIS on the set of the feature film "The Amazing Spider-Man 2", as well as their refusal to provide medical treatment and/or reimbursement to Plaintiff BJ DAVIS for the medical treatment (including surgery) of severe, debilitating injuries, incurred during the filming of the feature film "The Amazing Spider-Man 2". These injuries, many of which remain untreated and urgently need remaining surgeries, which Defendants refused to pay for or reimburse, will negatively impact Plaintiff BJ DAVIS' right to work, having caused potentially permanent disabilities.

Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS interfered with Plaintiffs' right to work and equal opportunity by failing to take any action to protect their rights as Screen Actors Guild performers. Furthermore, Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS aided and abetted Defendants SONY and COLUMBIA PICTURES by incorrectly reporting Plaintiffs' earnings, issuing their residuals to third parties and failing to correct glaring errors in reporting of Plaintiffs' earnings in spite of numerous written requests.

Defendant IMDBCOM, INC interfered with Plaintiffs' right to work and equal opportunity by repeatedly allowing Defendants SONY and COLUMBIA PICTURES to unjustly delete Plaintiffs' film credits from the Internet Movie Database online listings, in spite of Plaintiffs' numerous communications, offering undeniable proof of their contractual work on the feature film "The Amazing Spider-Man 2". Defendant IMDBCOM, INC removed, or allowed third parties to remove, Plaintiffs' earned film credits from database listings, causing their film

rankings to plummet and therefore negatively impacting Plaintiffs' good standing as seasoned film professionals. These activities caused severe detrimental effect on Plaintiffs' right to work and equal opportunity, by diminishing their standing as successful film professionals.

Defendants went to great lengths and inordinately, excessive amount of effort to negatively impact the income earnings of Plaintiff JULIA DAVIS, to deny her gross income on "The Amazing Spider Man 2", neglecting their fuciary duties to make appropriate health and welfare contributions to the Screen Actor Guild Health and Welfare Plan for Plaintiff JULIA DAVIS. This did impact her retirement, earned income for medical care qualifications and minimized current and future residual income earnings in perpetuity as a working member of the Screen Actors Guild.

## SIXTH CAUSE OF ACTION
## DISCRIMINATION

(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION, SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS, IMDBCOM, INC.)

17.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 16 as though fully set forth herein. Discrimination against Plaintiffs by Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION commenced when they were hired "as locals", based on the claim of Defendant JAMES ARMSTRONG that production companies (Defendants SONY, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS and ARMSTRONG ACTION) were allegedly hiring only New York-based stuntmen/women.

This meant that in spite of meeting and exceeding qualifications for the job, in order to get hired Plaintiffs had to purchase plane tickets and pay for their own accommodations. Upon arriving to the set, Plaintiffs discovered that such conditions were not imposed upon other stunt performers. In fact, stunt personnel of lesser qualifications were brought in from Los Angeles, CA and other regional areas of the United States, England and Mexico at the expense of production companies, including Defendants SONY and COLUMBIA PICTURES.

While working on the feature film "The Amazing Spider-Man 2," Plaintiff BJ DAVIS was subjected to age discrimination and retaliation for his prior political activities as the former Secretary for Charlton Heston and as a SAG Safety Representative. Plaintiff BJ DAVIS previously stopped the classification of stunt performers, which would have undermined the right to work for average stunt people, women and minorities while creating a monopoly by SAG Board members of the Screen Actors Guild. Plaintiff BJ DAVIS also forced the Screen Actors Guild to represent Stunt Coordinators contractually. He rallied and united the stunt community, forming the National League of SAG Stunt Performers to legally sue the Screen Actors Guild and thereby achieving the desired outcome.

These activities prejudiced Defendants against Plaintiff BJ DAVIS and Plaintiff JULIA DAVIS as his spouse. Plaintiffs were purposely ostracized on the set of "The Amazing Spider-Man 2," were repeatedly given broken radios or radios with dead batteries, were assigned to drive defective stunt vehicles with non-functioning air conditioning and were not selected to perform major stunts, which were assigned by Defendant JAMES ARMSTRONG to his friends and significant others, which amount to indirect sex discrimination. Plaintiffs were unduly subjected to harassment and discrimination.

COMPLAINT FOR DAMAGES

Discrimination against Plaintiffs in a hostile workplace escalated to the point of workplace violence, wherein Plaintiff BJ DAVIS was intentionally assaulted by Defendant JAY CARRADO, based upon directives of Defendant JAMES ARMSTRONG, acting on behalf of Defendants SONY, COLUMBIA, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION and other production companies and entities involved in the filming of "The Amazing Spider-Man 2". This assault caused Plaintiff BJ DAVIS severe, life-altering injuries, requiring several surgeries and causing bodily harm that, according to the treating physicians, may lead to his permanent disability. Plaintiff BJ DAVIS is now temporarily totally disabled, due to the severity of the injuries inflicted upon him on the set of the feature film "The Amazing Spider-Man 2."

Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS discriminated against Plaintiffs' for Plaintiff BJ DAVIS' prior political and legal activities against SAG, wherein he was able to successfully protect stunt people, women and minorities from unfair classification. In retaliation for Plaintiff's protected activities, Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS discriminated against Plaintiffs failing to take any action to protect their rights as Screen Actors Guild performers.

Furthermore, Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS aided and abetted Defendants SONY and COLUMBIA PICTURES by incorrectly reporting Plaintiffs' earnings, issuing their residuals to third parties and failing to correct glaring errors in reporting of Plaintiffs' earnings in spite of numerous written requests.

COMPLAINT FOR DAMAGES

1  Defendant IMDBCOM, INC discriminated against Plaintiffs' and
2  engaged in censorship by repeatedly allowing Defendants SONY and COLUMBIA
3  PICTURES, their agents and representatives and possibly yet to be identified third
4  parties to unjustly delete Plaintiffs' film credits from the Internet Movie Database
5  online listings, in spite of Plaintiffs' numerous communications, offering
6  undeniable proof of their contractual work on the feature film "The Amazing
7  Spider-Man 2". Defendant IMDBCOM, INC removed, or allowed third parties to
8  remove, Plaintiffs' earned film credits from database listings, causing their film
9  rankings to plummet and therefore negatively impacting Plaintiffs' good standing
10 as seasoned film professionals. These discriminatory activities caused severe
11 detrimental effect on Plaintiffs' right to work and equal opportunity, by unduly
12 diminishing their standing as successful film professionals.

### SEVENTH CAUSE OF ACTION
### RETALIATION FOR PROTECTED ACTIVITY
(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT,
COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD
PRODUCTIONS, ARMSTRONG ACTION, SCREEN ACTORS GUILD,
SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS)

18.  Plaintiffs incorporate by reference each and every allegation
contained in Paragraphs 1 through 17 as though fully set forth herein. While
working on the feature film "The Amazing Spider-Man 2," Plaintiff BJ DAVIS
was subjected to retaliation for his prior political activities as the former Secretary
for Charlton Heston and as a SAG Safety Representative. Plaintiff BJ DAVIS
previously stopped the classification of stunt performers, women and minorities
which would have undermined the right to work for average stunt people, while
creating a monopoly by SAG Board members of the Screen Actors Guild.
Plaintiff BJ DAVIS also forced the Screen Actors Guild to represent Stunt

Coordinators contractually. He rallied and united the stunt community, forming the National League of SAG Stunt Performers to legally sue the Screen Actors Guild and thereby achieving the desired outcome. Plaintiffs' lawful activities as a proactive member of the Screen Actors Guild are protected by law against retaliation by unions and employers.

Protected activities by Plaintiffs caused Defendants to retaliate against them – first, by refusing to hire them, unless they agreed to work "as locals." Retaliatory activities continued when Plaintiffs were purposely ostracized on the set of "The Amazing Spider-Man 2," were repeatedly given broken radios or radios with dead batteries, were assigned to drive defective stunt vehicles with non-functioning air conditioning and were not selected to perform major stunts, which were assigned by Defendant JAMES ARMSTRONG to his friends and significant others. Plaintiffs were unduly subjected to harassment and discrimination.

Retaliation against Plaintiffs in a hostile workplace escalated to the point of workplace violence, wherein Plaintiff BJ DAVIS was intentionally assaulted by Defendant JAY CARRADO, based upon directives of Defendant JAMES ARMSTRONG, acting on behalf of Defendants SONY, COLUMBIA, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION and other production companies and entities involved in the filming of "The Amazing Spider-Man 2". This assault caused Plaintiff BJ DAVIS severe, life-altering injuries, requiring several surgeries and causing bodily harm that, according to the treating physicians, may lead to his permanent disability.

Defendants SONY, COLUMBIA, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION also retaliated against Plaintiffs' for reporting the assaults, workplace violence, discrimination and harassment on the set of "The

COMPLAINT FOR DAMAGES

Amazing Spider-Man 2" to several governmental and non-governmental agencies. In retaliation for Plaintiffs' protected activities, Defendants refused to compensate Plaintiff for the medical expenses he incurred and will continue to incur due to the injuries caused by Plaintiffs SONY, COLUMBIA PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION and their representatives.

Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION also retaliated against Plaintiffs BJ DAVIS and JULIA DAVIS for their complaints to governmental agencies by excluding Defendants from credit listings on the feature film "The Amazing Spider-Man 2", by submitting incorrect earnings, health and welfare contributions to Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS. In retaliation for Plaintiffs' prior protected activities, Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS failed to correct this information in their databases, issued residuals to unknown third parties instead of Plaintiff JULIA DAVIS (while refusing to identify the party or parties who improperly received and unlawfully cashed Plaintiff's checks).

In retaliation for Plaintiffs' prior protected activities, Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS failed to provide proper representation and protection to Plaintiffs, as members in good standing with the Screen Actors Guild.

## EIGHTH CAUSE OF ACTION
## HARASSMENT

COMPLAINT FOR DAMAGES

(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION, SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS, IMDBCOM, INC, JAMES ARMSTRONG and JAY CARRADO)

19.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 18 as though fully set forth herein. While working on the feature film "The Amazing Spider-Man 2," Plaintiff BJ DAVIS was subjected to harassment, in retaliation for his protected activities.

These activities prejudiced Defendants against Plaintiff BJ DAVIS and Plaintiff JULIA DAVIS as his spouse, subjecting them to harassment by Defendants. Plaintiffs were purposely ostracized on the set of "The Amazing Spider-Man 2," were repeatedly given broken radios or radios with dead batteries, were assigned to drive defective stunt vehicles with non-functioning air conditioning and were not selected to perform major stunts, which were assigned by Defendant JAMES ARMSTRONG to his friends and significant others. Plaintiffs were unduly subjected to harassment and discrimination.

Harassment against Plaintiffs in a hostile workplace escalated to the point of workplace violence, wherein Plaintiff BJ DAVIS was intentionally assaulted by Defendant JAY CARRADO, based upon directives of Defendant JAMES ARMSTRONG, acting on behalf of Defendants SONY, COLUMBIA, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION and other production companies and entities involved in the filming of "The Amazing Spider-Man 2". This assault caused Plaintiff BJ DAVIS severe, life-altering injuries, requiring several surgeries and causing bodily harm that, according to the treating physicians, may lead to his permanent disability. Plaintiff BJ DAVIS is now temporarily totally disabled, due

COMPLAINT FOR DAMAGES

to the severity of the injuries inflicted upon him on the set of the feature film "The Amazing Spider-Man 2."

Plaintiffs were subsequently harassed by Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS, who failed to correct deliberately erroneous pension and health contributions reported with respect to Plaintiffs by Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION.

Plaintiffs were also harassed by Defendant IMDBCOM, INC, who repeatedly removed Plaintiffs' earned film credits from the Internet Movie Database, ignored Plaintiffs requests for correction and deliberately, artificially lowered Plaintiffs' database rankings, undermining their standing as reputable, seasoned film professionals.

## NINTH CAUSE OF ACTION
## DENIAL OF MEDICAL TREATMENT

(By Plaintiffs against Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION, SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS)

20.     Plaintiffs incorporate by reference each and every allegation contained in Paragraphs 1 through 19 as though fully set forth herein. On or about June 8, 2013 in New York, New York, at approximately 8:00 PM, Plaintiff BJ DAVIS was targeted to be intentionally, selectively and maliciously blind-sided by Defendant

1  JAY CARRADO, with an attempted clothesline tackle at full, running, body speed
2  in a collision for a scene that was choreographed and designated with no physical
3  contact, impact or stunts.

4      This assault/ instance of workplace violence took place in a looting scene for
5  the feature film "The Amazing Spider-Man 2", an Exterior Night Scene, practical
6  grocery store location. Plaintiff BJ DAVIS had no prior knowledge of this assault
7  that was covertly planned by Defendants JAY CARRADO and JAMES
8  ARMSTRONG in advance. A hostile and dangerous workplace had been created
9  to ambush Plaintiff BJ DAVIS, who was unaware that Defendants JAY
10 CARRADO and JAMES ARMSTRONG sought to willfully, maliciously and
11 intentionally damage and injure Plaintiff.

12     Even more telling is the fact that Defendant JAY CARRADO was instructed
13 by Defendant JAMES ARMSTRONG to attack Plaintiff BJ DAVIS during the
14 filming just off-camera, which further elucidates the fact that the said attack was
15 not part of any "action" or "stunt" sequence.

16     Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA
17 PICTURES, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION failed to
18 provide a safe working environment for Plaintiffs. After Plaintiff BJ DAVIS was
19 severely injured (including but not limited to collar bone fracture, rotator cuff
20 tears, vertebrae compression and pinched nerves), SONY PICTURES
21 ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT
22 PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION failed to
23 provide him with any medical aid or assistance for the injuries incurred during the
24 filming of "The Amazing Spider-Man 2", heralded as being the most expensive
25 feature film ever made with a budget of $250,000,000.00 dollars. .

26     Plaintiff sought medical treatment (including rotator cuff surgery which was
27 already performed and additional outstanding surgeries), providing doctors' reports

28

COMPLAINT FOR DAMAGES

and requests to reimbursement to Defendants SONY PICTURES
ENTERTAINMENT and COLUMBIA PICTURES. Defendants failed to provide
any medical treatment to Plaintiff BJ DAVIS and refused to reimburse him for the
medical expenses Plaintiff incurred in the process of seeking and undergoing
medical treatment (including but not limited to rotator cuff surgery). Defendants
SONY PICTURES ENTERTAINMENT and COLUMBIA PICTURES are directly
responsible for the actions of Defendant JAMES ARMSTRONG as the Stunt
Coordinator acting on behalf of the above-mentioned Defendant companies on the
set of "The Amazing Spider-Man 2" and the intentional assault that he maliciously
arranged against Plaintiff BJ DAVIS, which caused severe, debilitating injuries.

Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD
PRODUCERS PENSION AND HEALTH PLANS have thwarted and denied
Plaintiffs attempts to receive adequate medical care and financial support, denying
insurance payment for the rotator cuff surgery Plaintiff BJ DAVIS underwent,
when he was unable to obtain surgeries and other urgently-needed medical
treatment from Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA
PICTURES and ENTERTAINMENT PARTNERS. As the result, Plaintiff BJ
DAVIS' credit rating and financial standing has been undermined, as he was
charged in excess of $45,776.45 by the medical care providers for the rotator cuff
surgery, in addition to other mounting medical expenditures that none of the
Defendants are covering, in spite of their legal, ethical and contractual obligations
to do so.

//////////
//////////
//////////
/////////
/////////

COMPLAINT FOR DAMAGES

**WHEREFORE, Plaintiffs demand judgment as follows:**

As to the First through Ninth Causes of Action;

    1. General damages in excess of $20,000,000.00; and

    2.  Special damages for loss of earnings, medical expense, lifetime medical care.

    3. Punitive and exemplary damages.

    4. Reasonable court filing fees and attorney fees.

    5. For pain and suffering, emotional stress and duress;

    6. For costs of suit;

    6. For interest; and

    7. For such additional and further relief that the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs JULIA DAVIS and BJ DAVIS hereby request a jury trial.

COMPLAINT FOR DAMAGES

Date: June 8, 2015

Respectfully submitted,

Julia Davis, Plaintiff in Pro Se

BJ Davis, Plaintiff in Pro Se

COMPLAINT FOR DAMAGES