1   JOHN M. POLSON, Bar No. 157820
    E-mail: jpolson@laborlawyers.com
2   BORIS SORSHER, Bar No. 251718
    E-mail: bsorsher@laborlawyers.com
3   FISHER & PHILLIPS LLP
    2050 Main Street, Suite 1000
4   Irvine, California 92614
    Telephone (949) 851-2424
5   Facsimile  (949) 851-0152

6   Attorneys for Defendant
    ENTERTAINMENT PARTNERS

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   JULIA DAVIS, BJ DAVIS, | Case No.: CV-15-04276-MWF (ASx) |
| 12                     Plaintiffs, | *Honorable Michael W. Fitzgerald* |
| 13       vs. | *Courtroom 1600* |
| 14   SONY PICTURES | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF |
| 15   ENTERTAINMENT, a New York Corporation, COLUMBIA PICTURES, | DEFENDANT ENTERTAINMENT PARTNERS' MOTION TO DISMISS |
| 16   a California Corporation, ENTERTAINMENT PARTNERS, a | PURSUANT TO FRCP RULES 12(b)(1) and 12(b)(6) |
| 17   California Corporation, AVI ARAD PRODUCTIONS, a California | |
| 18   Corporation, ARMSTRONG ACTION, a California Production, SCREE | |
| 19   ACTORS GUILD, a California Corporation, SCREEN ACTORS | DATE: 9/14/15 |
| 20   GUILD PRODUCERS PENSION AND HEALTH PLANS, a California | TIME:  10:00 a.m. |
| 21   Corporation, IMDBCOM, INC., a Delaware Corporation, JAMES | COURTROOM: 1600 |
| 22   ARMSTRONG, an individual, JAY CARRADO, an individual, John Does | |
| 23   1-25, | |
|                   Defendants. | |

24

25   //

26   //

27   //

28   //

## TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES ...........................................1

I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT .....................1

II.    PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT THIS COURT HAS JURISDICTION OVER THE CLAIMS ASSERTED AND THEREFORE THE COURT SHOULD DISMISS THE CLAIMS PLED AGAINST EP UNDER FCRP 12(B)(1) ..........................................................3

A.    Plaintiffs' Fourth Cause of Action for IIED Does Not Involve A Federal Question ...................................................................................4

B.    Plaintiffs' Fifth Cause of Action for "Interference With the Right to Work" Does Not Involve A Federal Question ................................4

C.    The Sixth Cause of Action for Discrimination Does Not Involve A Federal Question ...................................................................................5

D.    The Seventh Cause of Action for Retaliation Does Not Involve A Federal Question ...................................................................................6

E.    The Eighth Cause of Action for Harassment Does Not Involve A Federal Question ...................................................................................6

F.    The Ninth Cause of Action for Denial of Medical Treatment Does Not Involve A Federal Question ...........................................................7

III.   EVEN IF THE COURT IS INCLINED LOOK BEYOND THE JURISDICTIONS DEFECTS WHICH DISPOSITIVE DECIDE THE ISSUE THE COURT HAS THE AUTHORITY TO DISMISS PLAINTIFFS' CLAIMS UNDER RULE 12 (B)(6)....................................7

A. Legal Standard for a Motion to Dismiss .........................................7

B. Plaintiffs' Fourth Cause of Action for the IIED Fails As A Matter of Law ........................................................................................8

    1.    Plaintiffs' Claim is Barred by Workers' Compensation Exclusivity ........8

i

2. Plaintiffs Failed to Plead Sufficient Facts to Properly Assert a Claim for IIED ........................................................................9

C. Plaintiffs' Fifth Cause of Action for Interference With the Right to Work Fails As A Matter of Law...................................................11

1. The Fifth Cause of Action Is Not An Actionable Claim .........................11

2. Plaintiffs' Claim is Barred by Workers' Compensation Exclusivity ......11

D. The Sixth Cause of Action for Discrimination Fails as a Matter of Law Because it is Preempted by the NLRA and Any Amendment to Cure That Defect Is Barred by Plaintiffs' Failure to Exhaust the Administrative Requirements........................................................12

1. Plaintiffs' Claim is Preempted by the NLRA ...........................12

   a. Plaintiffs Engaged in "Concerted" Activity .........................14

   b. Plaintiffs' Activities Were for the Purpose of Mutual Aid .................15

2. Plaintiffs Cannot Re-Characterize This Cause of Action As A Claim for a Violation of State or Federal Anti-Discrimination Law Because They Failed to Exhaust the Administrative Requirements .......15

   a. Plaintiffs Failed to Exhaust With the EEOC.........................15

   b. Plaintiffs Failed to Exhaust with the DFEH.........................16

E. The Seventh Cause of Action for Retaliation Fails as a Matter of Law Because it is Preempted by the NLRA and Any Amendment to Cure That Defect Is Barred by Plaintiffs' Failure to Exhaust.............................17

1. The Retaliation Claim is Subject to NLRA Preemption..........................17

2. Plaintiffs Cannot Assert A Retaliation Claim Based On Either State or Federal Anti-Discrimination Laws Since They Failed to Exhaust Their Administrative Requirement ........................................18

F. Eighth Cause of Action for Harassment Fails as a Matter of Law Because it is Preempted by the NLRA and Any Attempt to Cure That Defect Is Barred by Plaintiffs' Failure to Exhaust.......................19

ii

G.   The Ninth Cause of Action for Denial of Medical Treatment Fails Because of Workers' Compensation Exclusivity.........................................20

IV.   CONCLUSION ............................................................................................20

iii

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4
5
*Accardi v. Superior Court of Ventura County*
 (1993) 17 Cal.App.4th 341 .......................................................................... 8, 16

6
7
*Agarwal v. Johnson*
 (1979) 25 Cal.3d 932 ........................................................................................ 9

8
9
*Alatorre V. Wastequip Manufacturing Company*,
 Case No: 2:12-cv-02394-MCE-DAD (E.D.Cal. 3-4-2013) ........................... 10

10
*Ashcroft v. Iqbal*
 (2009) 556 U.S. 662 .......................................................................................... 7

11
12
*Bell Atlantic Corp. v. Twombly*
 (2007) 550 U.S. 544 ....................................................................................... 7, 9

13
14
*Campbell v. Regents of Univ. of Calif.*
 (2005) 35 Cal.4th 311 ...................................................................................... 17

15
16
*Cole v. Fair Oakes Fire Protection Dist.*
 (1987) 43 Cal.3d.148 ........................................................................................ 9

17
18
*Couch v. Telescope Inc.*
 611 F.3d 629 (9th Cir. 2010) ............................................................................ 3

19
20
*Daniels–Hall v. National Educ. Ass'n*,
 629 F.3d 992 (9th Cir. 2010) ............................................................................ 7

21
*Demarest v. United States*,
 718 F.2d 964 (9th Cir. 1983) ............................................................................ 3

22
23
*Denney v. Universal City Studios, Inc.*
 (1992) 10 Cal.App.4th 1226 ............................................................................ 16

24
25
*Eastex, Inc. v. N.L.R.B.*
 (1978) 437 U.S. 556 ................................................................................... 15, 18

26
27
*In re Farm Raised Salmon Cases*
 (2008) 42 Cal. 4th 1077 .................................................................................. 12

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Grant-Burton v. Covenant Care, Inc.*
   (2002) 99 Cal.App.4th 1361 ........................................................... 14

*Haney v. Aramark Uniform Svcs., Inc.*
   (2004) 121 Cal. App.4th 623 ......................................................... 13

*Hillhaven Oakland Nursing & Rehabilitation Ctr. v. Health Care*
   *Workers Union*
   (1996) 41 Cal. App. 4th 846 ......................................................... 13

*Holland v. Union Pacific Railroad Company*
   (2007) 154 Cal.App.4th 940 ......................................................... 17

*Hughes v. Pair*
   (2009) 46 Cal. 4th 1035 ................................................................ 10

*Johnson v. City of Loma Linda*
   (2000) 24 Cal.4th 61 ..................................................................... 17

*Johnson v. Riverside Healthcare Sys.,*
   534 F.3d 1116 (9th Cir. 2008) ....................................................... 8

*Kingman Reef Atoll Invs., L.L.C. v. United States,*
   541 F.3d 1189 (9th Cir. 2008) ................................................... 3, 5

*Knievel v. ESPN,*
   393 F.3d 1068 (9th Cir. 2005) ....................................................... 7

*Luke v. Collotype Labels USA, Inc.*
   (2008) 159 Cal. App .4th 1463 ..................................................... 13

*Lyons v. England,*
   307 F.3d 1092 (9th Cir. 2002) .............................................. 5, 6, 15

*Martin v. Lockheed Missiles & Space Co.*
   (1994) 29 Cal.App.4th 1718 ................................................... 16, 17

*Mueller v. County of Los Angeles*
   (2009) 176 Cal.App.4th 809 .............................................. 8, 11, 20

*Natl. Labor Relations Bd. v. Yurosek,*
   53 F.3d 261 (9th Cir. 1995) .......................................................... 14

v

*Neitzke v. Williams*
(1989) 490 U.S. 319 ................................................................ 8

*NLRB v. City Disposal Systems Inc.*
(1984) 465 U.S. 822 ........................................................ 13, 14

*NLRB v. Talsol Corp.*,
155 F.3d 785 (6th Cir. 1998) ............................................... 14

*NLRB v. Washington Aluminum Co.*
(1962) 370 U.S. 9 ................................................................ 14

*Okoli v. Lockheed Technical Operations Co.*
(1995) 36 Cal.App.4th 1607 ................................................ 17

*Rodriguez v. Yellow Cab Cooperative, Inc.*
(1988) 206 Cal. App. 3d 668 ........................................... 13, 14

*Rojo v. Kliger*
(1990) 52 Cal.3d 65 ............................................................ 16

*Romano v. Rockwell International, Inc.*
(1996) 14 Cal.4th 479 ......................................................... 16

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) .............................................. 3

*Salin v. Pacific Gas & Electric Co.*
(1982) 136 Cal. App. 3d 185 ................................................ 8

*San Diego Unions v. Garmon*
(1959) 359 U.S. 236 ............................................................ 13

*Shoemaker v. Myers*
(1990) 52 Cal.3d 1 ...................................................... 8, 11, 20

*Sosa v. Hiraoka*,
920 F.2d 1451 (9th Cir. 1990) ....................................... 5, 6, 15

*Trerice v. Blue Cross of Cal.*
(1989) 209 Cal.App.3d 878 .................................................. 9

FPDOCS 30788783.1

*Webb v. County of Trinity,*
   734 F.Supp.2d 1018 (E.D. Cal. 2010) ................................................................ 9

*Westinghouse Electric Corporation v. County of Los Angeles*
   (1974) 42 Cal.App.3d 32 ................................................................ 17

*WKRS. v. Arizona Agr. Employment,*
   669 F.2d 1249 (9th Cir. 1982) ................................................................ 11

*Wong v. Jing*
   (2010) 189 Cal. App. 4th 1354 ................................................................ 4

*Yurick v. Superior Court*
   (1989) 209 Cal. App. 3d 1116 ................................................................ 9

**Statutes**

28 U.S.C. 1331 ................................................................ 3

29 U.S.C. § 157 ................................................................ 13

42 U.S.C. § 2000e-5(b) ................................................................ 5, 6, 15

42 U.S.C. § 2000e-5(e)(1) ................................................................ 5

Federal National Labor Relations Act (NLRA)

   29 USC § 151, *et seq.* ................................................................ 12

*Federal Rules of Civil Procedure*
   Rule 12 (b)(1) ................................................................ 2, 3

*Federal Rules of Civil Procedure*
   Rule 12 (b)(6) ................................................................ 2, 7, 8, 9

*Government Code*
   Section 12940, subd. (m) ................................................................ 16

*Government Code*
   Section 12960 ................................................................ 16

*Government Code*
   Sections 12960, 12965 subd. (b) ................................................................ 16

FPDOCS 30788783.1

*Government Code*
   Section 12960, subd. (d) ................................................................... 16

*Labor Code*
   Section 3208.3 .............................................................. 8, 12, 20

*Labor Code*
   Section 3600(a) ................................................................. 8

**Other Authorities**

U.S. District Court, Central District Local Rule 7-3 ............................................ 2

## MEMORANDUM OF POINTS & AUTHORITIES

## I.   <u>INTRODUCTION AND SUMMARY OF THE ARGUMENT</u>

Plaintiffs BJ Davis and Julia Davis ("Plaintiffs") allege that they worked as stunt persons on "The Amazing Spider-Man 2" film in 2013. They contend that while working on that film they were subjected to discrimination, harassment and retaliation as a result of their past activities as union organizers. In particular, Plaintiffs assert that they have engaged in concerted union activity in order to improve conditions for all other "average stunt people." (Complaint, page 7, lines 8-17) Plaintiffs believe that these activities have upset movie studios and the Screen Actors Guild, and that as a result Plaintiffs have been targeted for discrimination, harassment and retaliation. Plaintiffs further allege that on June 8th, 2013, while working on set, Plaintiff BJ Davis was injured in the process of performing a stunt. (Complaint, page 7, lines 20-25) Finally, Plaintiffs assert that Plaintiff BJ Davis required considerable medical care which his employers failed to provide thereby precluding him from earning a living and causing him emotional distress.

Based on the foregoing facts, Plaintiffs assert nine different causes of action against ten different entities which include: unions, motion picture studios, individual performers, websites and Defendant Entertainment Partners ("EP" or "Defendant"), who is a payroll provider for the entertainment industry. In particular, EP is named as defendant in the 4th through the 9th causes of action. None of the claims asserted against EP can proceed in this court.

First, the Court lacks jurisdiction as to all of the claims asserted against EP because none of the claims asserted against EP involve a federal question. Indeed, Plaintiffs fail to specify which federal statutes they are seeking to enforce. Plaintiffs cannot cure this defect through an amendment because all potentially applicable statutes contain jurisdictional exhaustion requirements which Plaintiffs have failed to satisfy and which they can no longer timely satisfy. Accordingly,

the jurisdictional defect is incurable and as a result this motion should be granted under *Federal Rules of Civil Procedure* ("FRCP") 12 (b)(1) without leave to amend.

Second, the motion should be granted under FRCP Rule 12 (b)(6) for failure to state a claim and because the claims asserted fail as a matter of law. Particularly, the fourth cause of action for intentional infliction of emotional distress, the fifth cause of action for "interference with a right to work" and the ninth cause of action for "denial of medical treatment" are different variations of the same claim for compensation for an on the job physical injury. As such, these claims must be brought in a worker compensation proceeding and cannot proceed in state or federal court.

Likewise, the sixth cause of action for discrimination, the seventh cause of action for harassment and the eighth cause of action for retaliation are all preempted by the NLRA. The NLRA preempts these claims because in support of these claims Plaintiffs allege that they engaged in protected union activities and that they were subjected to discrimination, harassment and retaliation because they engaged in these protected activities.

The workers' compensation exclusivity defense cannot be circumvented through an amendment because there is no way to amend this complaint to reframe the personal injury claims as anything other than a personal injury suffered while working and, as such, a personal injury subject to workers' compensation exclusivity. Likewise, any attempt to reframe the harassment, discrimination or retaliation claims as Title VII or FEHA claims will fail because Plaintiffs have failed to exhaust the administrative filing requirement and the deadline to do so has now passed. Accordingly, the motion to dismiss should be granted without leave to amend.

Pursuant to Local Rule 7-3, EP attempted to meet and confer with Plaintiffs prior to filing this Motion by both calling the telephone number provided by

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss
FPDOCS 30788783.1

Plaintiffs and emailing them at the address provided by Plaintiffs on the caption of the Complaint. The email was sent on June 25, 2015. EP did not receive any response to its email and was unable to reach anyone via the phone. Accordingly, EP was unable to resolve this matter in advance of the deadline to file the responsive pleading and was therefore forced to file this motion.

## II.   <u>PLAINTIFFS HAVE FAILED TO DEMONSTRATE THAT THIS COURT HAS JURISDICTION OVER THE CLAIMS ASSERTED AND THEREFORE THE COURT SHOULD DISMISS THE CLAIMS PLED AGAINST EP UNDER FCRP 12(B)(1)</u>

Federal courts are subjected to strict limits on the extent of their jurisdiction and can only adjudicate cases authorized by the Constitution and statutes enacted by Congress. *Couch v. Telescope Inc*., 611 F.3d 629, 632 (9th Cir. 2010) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Federal courts therefore have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983).

Through FRCP Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "A Rule 12(b)(1) jurisdictional attack may be either facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id.   Notably, "[w]hen subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008)

Here, Plaintiffs assert that that the Court has jurisdiction over their claims under 28 USC 1331, which affords the court jurisdiction to decide federal questions such as questions involving the interpretation of a federal statute, a

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

treaty or the United States Constitution. However, none of the claims pled against Defendant involve any such questions.

### A. Plaintiffs' Fourth Cause of Action for IIED Does Not Involve A Federal Question.

The first claim plead against Defendant is the 4th cause of action for Intentional Infliction of Emotional Distress ("IIED"). Plaintiffs have not identified any federal statute which confers a right to sue in federal court on an IIED theory. Nor can they ever amend their complaint to do so since IIED is a state law claim. See, *Wong v. Jing*, 189 Cal. App. 4th 1354, 1376 (2010) (generally acknowledging that IIED is a state law claim and discussing its elements). Simply put, an IIED claim is a state law claim which does not involve any federal questions and, as such, is not a claim over which this Court has jurisdiction. Accordingly, Plaintiffs cannot pursue this claim in this Court, and it must be dismissed.

### B. Plaintiffs' Fifth Cause of Action for "Interference With the Right to Work" Does Not Involve A Federal Question.

The second claim pled against EP, which is the 5th cause of action for "interference with a right to work," also does not involve a federal question.  In particular, Plaintiffs plead that EP interfered with their "rights to work" by exposing Plaintiffs to physical injuries and then refusing to pay for medical treatment. (Complaint, page 14, lines 1-11). Plaintiffs do not allege which federal law is violated by such conduct. Plaintiffs fail to do so because the conduct at issue is conduct which only involves state workers' compensation law and does not implicate any federal question. Accordingly, there is no federal question presented and therefore this Court lacks jurisdiction over the claim alleged.

//

//

//

**C.      The Sixth Cause of Action for Discrimination Does Not Involve A Federal Question.**

Plaintiffs' sixth cause of action for discrimination fails because they have failed to identify which state or federal statute was violated by the alleged discriminatory conduct. As explained above, Plaintiffs have the burden of establishing that jurisdiction is proper. *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).  In order to do so, they must identify a federal statute under which they are bringing suit. Plaintiffs have failed to do so in the current action because the Complaint does not specify which statute EP violated and whether that conduct violated state or federal law. Accordingly, Plaintiffs have failed to present sufficient facts to meet their burden and the Court should therefore grant the motion to dismiss.

Moreover, even if this Court was to charitably construe this claim as asserting a violation of Title VII, the court still lacks jurisdiction since Plaintiffs have failed to pled that they timely exhausted the administrative requirement. Indeed, it is well settled that "**[t]o establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.**" *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). Exhaustion of administrative remedies under Title VII requires that the complainant file a charge with the EEOC, prior to filing a suit in the district court. See, 42 U.S.C. § 2000e-5(b); *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990).  Here, Plaintiffs have failed to allege that they filed a charge with the EEOC that encompasses the conduct alleged in the Complaint and have thereby failed to establish that this Court has jurisdiction over this claim.

Further, Plaintiffs cannot cure this defect because the deadline to file an administrative charge with the EEOC is either 180 days from the date of the conduct or 300 days from the date of the conduct, depending on whether the plaintiff has also first filed a charge with the DFEH. 42 U.S.C. § 2000e-5(e)(1).

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

Here, all of the alleged discriminatory conduct occurred prior to June 8th, 2013, the date on which Plaintiff BJ Davis suffered the alleged personal injury. (Complaint, page 12, paragraph 12). Hence, the deadline to exhaust expired in the Spring of 2014 and therefore no amendment of the complaint will confer jurisdiction on this Court to hear a Title VII claim.

### D. The Seventh Cause of Action for Retaliation Does Not Involve A Federal Question.

Plaintiffs' seventh cause of action for retaliation suffers from the same defect as the discrimination claim. Specifically, Plaintiffs have not pled any specific federal statute which they claim EP violated and have therefore failed to demonstrate that a federal question is at issue. Likewise, Plaintiffs have failed to plead that they have satisfied the jurisdictional administrative requirement for any claim under any federal civil rights statute and therefore cannot argue that this claim is tethered to any federal civil rights statute. L*yons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002); 42 U.S.C. § 2000e-5(b); *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990).

### E. The Eighth Cause of Action for Harassment Does Not Involve A Federal Question.

Plaintiffs' eighth cause of action for harassment also fails to identify the federal statute allegedly violated. Moreover, the harassment to which EP subjected Plaintiffs is never identified or explained. (Complaint at page 22, lines 4-9) Finally, as was the case with the retaliation and discrimination claim, should Plaintiffs attempt to argue that the statute at issue is a federal antidiscrimination law, there is still no jurisdiction because Plaintiffs did not exhaust the administrative requirement by filing a charge with the EEOC.

//

//

//

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

**F.     The Ninth Cause of Action for Denial of Medical Treatment Does Not Involve A Federal Question.**

Plaintiffs' ninth cause of action for "denial of medical treatment" is yet another attempt to recover for damages sustained in connection with the personal injury suffered by Plaintiff BJ Davis while he was at work. As such, it is a state law claim and one which is preempted by the worker compensation laws of California. Accordingly, this claim does not involves any federal question and cannot be amended to assert a federal question.

**III.   EVEN IF THE COURT IS INCLINED LOOK BEYOND THE JURISDICTIONS DEFECTS WHICH DISPOSITIVE DECIDE THE ISSUE THE COURT HAS THE AUTHORITY TO DISMISS PLAINTIFFS' CLAIMS UNDER RULE 12 (B)(6)**

**A.     Legal Standard for a Motion to Dismiss.**

Where the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to allege facts sufficient to state a claim upon which relief may be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6) Thus, a defendant can petition the court to issue a dismissal due to failure to plead sufficient facts through a FRCP Rule 12(b)(6) motion to dismiss

On a FRCP Rule 12(b)(6) motion to dismiss, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept conclusory allegations, allegations contradicted by exhibits attached to the complaint, unwarranted deductions of fact, or unreasonable inferences.  *Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not accepted as true.) Indeed, when ruling in a Rule 12 (b)(6)

7

motion "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); see also *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

### B.   Plaintiffs' Fourth Cause of Action for the IIED Fails As A Matter of Law.

Plaintiffs' IIED claim fails as a matter of law because it is a claim to recover for an injury which occurred at work and as such must be resolved through workers' compensation proceedings. Further, the claim fails because Plaintiffs have failed to plead sufficient facts to properly assert this cause of action.

#### 1.   Plaintiffs' Claim is Barred by Workers' Compensation Exclusivity.

A workers' compensation claim is generally the employee's only remedy for injuries resulting from an employer's conduct that is a normal part of the employment relationship. *Shoemaker v. Myers*, (1990) 52 Cal.3d 1, 15; *Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 823; Lab. Code § 3208.3.  As a result, an employer is immune from a lawsuit seeking damages arising from the industrial injury brought by any person on any theory. Lab. Code § 3600(a); *Salin v. Pacific Gas & Electric Co.* (1982) 136 Cal. App. 3d 185, 190-193. In particular, the courts have held that causes of action for intentional infliction of emotional distress are subject to the workers' compensation exclusivity.  *Accardi v. Superior Court of Ventura County* (1993) 17 Cal.App.4th 341; *Cole v. Fair Oaks Fire Protection Dist*. 43 Cal.3d.148, 151: ("when employee's [emotional distress] claim is based on conduct normally occurring in the workplace, it is within the exclusive jurisdiction of the Workers' Compensation Appeals Board");

also see: *Webb v. County of Trinity*, 734 F.Supp.2d 1018, 1034 (E.D. Cal. 2010)

Here, Plaintiffs have alleged that they suffered emotional distress as a result of a workplace injury. The injury in question was a physical injury suffered by Plaintiff BJ Davis who was employed as a stuntman, while he was in the process of performing a stunt. (Complaint at page 14, lines 1-11) Accordingly, the injury is the result of conduct normally occurring in the workplace and therefore this claim is barred by workers' compensation exclusivity.

2.   Plaintiffs Failed to Plead Sufficient Facts to Properly Assert a Claim for IIED.

Plaintiffs' IIED claim also fails because they fail to assert sufficient facts to adequately plead the claim at issue.

As explained above, where the plaintiff fails to allege "enough facts to state a claim to relief", the complaint may be dismissed for failure to allege facts sufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).

Liability for intentional infliction of emotional distress exists only if the defendant's conduct is so outrageous in character and so extreme in degree as to go "beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Trerice v. Blue Cross of Cal*. (1989) 209 Cal.App.3d 878, 883; *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 946. Indeed the conduct at issue needs to "exceed all bounds usually tolerated by decent society" and must be "of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." *Yurick v. Superior Court* (1989) 209 Cal. App. 3d 1116, 1128-1129.

Further, to assert this claim, a plaintiff must plead facts to demonstrate he or she suffered **severe** emotional distress. "With respect to the requirement that a plaintiff show severe emotional distress, [the California Supreme Court] has set a high bar. **Severe emotional distress means emotional distress of such**

9

**substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."** *Hughes v. Pair*, 46 Cal. 4th 1035, 1051 (2009) (internal quotation marks omitted).  Moreover, "a plaintiff's assertions that he has suffered discomfort, worry, anxiety, upset stomach, concern, and agitation . . . do not comprise emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it."  Id.

In light of this onerous pleading standard the courts may dismiss a claim for IIED "when Plaintiff alleges only conclusory statements that lack the necessary specific facts to show their nature or extent." *Alatorre V. Wastequip Manufacturing Company*, Case No: 2:12-cv-02394-MCE-DAD (E.D.Cal. 3-4-2013) at *16.

Here, Plaintiff did not plead sufficient facts to establish either that the conduct at issue was sufficiently extreme or outrageous or that the emotional distress was sufficiently severe. Indeed, the only conduct identified, to which EP is an alleged party, is the failure to pay for the medical treatment. (Complaint at page 12, lines 9-17) The mere failure to pay a disputed amount of medical costs is certainly not conduct which is sufficiently severe as "exceed all bounds usually tolerated by decent society" and as such is insufficient to maintain this cause of action.

Further, the Complaint fails because it does not contain any facts to substantiate the "severe emotional distress" element. Indeed, Plaintiffs' only allegation on this subject is the contention that BJ Davis suffered "emotional distress." (Complaint at page 12, lines 9-17)  The Complaint does not provide any specifics concerning the distress and does not even contain the conclusory allegation that Plaintiff suffered severe emotional distress. Id.

Accordingly, Plaintiffs' IIED claim is deficient and must be dismissed.

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

### C.      Plaintiffs' Fifth Cause of Action for Interference With the Right to Work Fails As A Matter of Law

The Plaintiffs' claim for "interference with a right to work" does not apply to any of the conduct at issue in this action and accordingly Plaintiffs failed to state sufficient facts to pursue this claim. Further, to the extent that this claim can be interpreted as supporting any claim for relief, that relief is completely precluded by workers' compensation exclusivity and as such this claim is barred as a matter of law.

#### 1.      The Fifth Cause of Action Is Not An Actionable Claim.

Plaintiffs alleged that Defendants interfered with their "right to work" by failing to pay their medical expenses. (Complaint at pages 13-14)  No such cause of action exists in connection with the facts at issue. To be fair, some states have passed "right to work" laws, which are intended to govern union membership. Hence, an action could be brought in those states for a violation of those laws. However, this cause of action has nothing to do with whether Plaintiffs can be forced to be in a union or to contribute fees. Moreover, California did not enact a right to work law and therefore even if Plaintiffs were alleging a violation of the right to work laws, no such violation can be asserted for conduct occurring in California.  *WKRS. v. Arizona Agr. Employment*, 669 F.2d 1249, 1256 (9th Cir. 1982) Hence, Plaintiffs have failed to state a cause of action as to this claim and therefore it must be struck from the Complaint.

#### 2.      Plaintiffs' Claim is Barred by Workers' Compensation Exclusivity.

As explained in the foregoing section, a claim to recover for personal injuries sustained on the job, from conduct that is a normal part of the employment relationship, must be pursued through workers' compensation proceedings and cannot be maintained in court. *Shoemaker v. Myers*, (1990) 52 Cal.3d 1, 15; *Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 823;

11

Lab. Code § 3208.3. While the exact cause of action alleged by Plaintiffs does not appear to exist, this claim can arguably be understood to be a claim to recover for injuries sustained on the job. Specifically, Plaintiffs are arguing that the improper conduct at issue is the refusal to pay BJ Davis' medical costs for injuries he sustained on the job. (Complaint at page 14, lines 1-11)  As BJ Davis was employed as a stuntman and was injured while performing as a stunt, any claim to recover medical expenses owed for that injury is a claim which is within the exclusive jurisdiction of the Workers' Compensation Appeals Board. Hence, regardless of how Plaintiffs chose to title this claim, it cannot be pursued in this court.

**D.      The Sixth Cause of Action for Discrimination Fails as a Matter of Law Because it is Preempted by the NLRA and Any Amendment to Cure That Defect Is Barred by Plaintiffs' Failure to Exhaust the Administrative Requirements.**

Plaintiffs argue that they were subjected to discrimination because they engaged in union organizing efforts. This allegation clearly implicates the NLRA and this claim is therefore preempted by the NLRA.  Further, to the extent that Plaintiffs attempt to argue that this claim can be characterized as a claim for discrimination under one or more state or federal anti-discrimination laws, their argument fails since Plaintiffs have failed to exhaust state and/or federal administrative requirements.

1.      Plaintiffs' Claim is Preempted by the NLRA.

Under the Supremacy Clause of the United States Constitution, "Congress has the power to preempt state law concerning matters that lie within the authority of Congress."  *In re Farm Raised Salmon Cases*, 42 Cal. 4th 1077, 1087 (2008). The Federal National Labor Relations Act (NRLA), 29 U.S.C. § 151, *et seq.* "governs labor-management relations in the private sector, and claims brought under the act are within the primary jurisdiction of the National Labor Relations

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

Board (NLRB)."  *Haney v. Aramark Uniform Svcs., Inc.*, 121 Cal. App.4th 623, 632 (2004).  While the NLRA does not contain an express preemption provision, the U.S. Supreme Court, in *San Diego Unions v. Garmon*, 359 U.S. 236, 245 (1959), articulated what has come to be known as the "Garmon rule" for NLRA preemption, "which protects the exclusive jurisdiction of the NLRB over unfair labor practices."  *Rodriguez v. Yellow Cab Cooperative, Inc.*, 206 Cal. App. 3d 668, 674 (1988)   Under the Garmon rule, when activities at issue are even *arguably* subject to the broad coverage of NLRA (particularly Sections 7 and 8 of the NLRA), state courts must defer to the exclusive jurisdiction of the NLRB "in order to avoid interference with national labor policy."  *Hillhaven Oakland Nursing & Rehabilitation Ctr. v. Health Care Workers Union*, 41 Cal. App. 4th 846, 853 (1996).  More specifically, "the Supreme Court mandates that state courts 'must defer to the exclusive competence of the [NLRB] in cases in which the activity that is the subject matter of the litigation is *arguably* subject to the protections of [section] 7 or the prohibitions of [section] 8 of the [NLRA].'"  *Luke v. Collotype Labels USA, Inc.*, 159 Cal. App .4th 1463, 1469 (2008) (citing *Linn v. Plant Guard Workers*, 383 U.S. 53, 60 (1966)) (emphasis added).

Section 7 of the NLRA protects an employee's right to bargain collectively and to engage in "concerted activities" (*i.e.*, activities of employees "who have joined together in order to achieve common goals") for the purpose of collective bargaining or "other mutual aid or protection" of workers.  *NLRB v. City Disposal Systems Inc.*, 465 U.S. 822, 829-30 (1984) (citing 29 U.S.C. § 157).  Collectively, these Section 7 activities are commonly known (and referred to herein) as "protected activities" or Section 7 rights.

Under section 7 of the NLRA, an employer commits an unfair labor practice by interfering with the right of employees to engage in concerted activities for the purpose of "mutual aid or protection" of workers.  (29 U.S.C. §

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

157); *Grant-Burton v. Covenant Care, Inc.*, 99 Cal.App.4th 1361, 1372-1373 (2002).

To establish preemption by the NLRA, an employer must show that the Plaintiffs' activities were (1) concerted and (2) for the purpose of mutual aid or protection. *Rodriguez*, *supra*, 206 Cal. App. 3d at 674. The NLRA covers workers regardless of whether they were, or were not, members of a union or governed by a collective bargaining agreement. *NLRB v. Washington Aluminum Co.*, 370 U.S. 9, 14, (1962) (NLRA protections apply to a small group of "wholly unorganized" workers); *Grant-Burton*, 99 Cal. App. 4th at 1372 ("even though [plaintiff] and the other marketing directors may not have been members of a union or governed by a collective bargaining agreement, their concerted activity—participating in a group discussion about the fairness of their compensation—was protected under the [NLRA]"). Here, Plaintiffs directly allege in their Complaint that their activities were (1) concerted and (2) for the purpose of mutual aid or protection of the "average stunt people." (Complaint, page 18. Lines 8-17). Accordingly, their claims are preempted by the NLRA.

a.      Plaintiffs Engaged in "Concerted" Activity.

Activity is "concerted" if it is related to group activity for the protection of other employees. *NLRB v. Talsol Corp.*, 155 F.3d 785, 796 (6th Cir. 1998). Indeed, **an action is "concerted," if taken "'with or on behalf of other employees, and not solely by and on behalf of the ... employee himself.'"** *Natl. Labor Relations Bd. v. Yurosek*, 53 F.3d 261, 264 (9th Cir. 1995) (quoting *Pacific Electricord Co. v. NLRB,* 361 F.2d 310, 310 (9th Cir. 1966); see also *NLRB v. City Disposal Sys, Inc*., 465 U.S. 822, 830, 832 (1984)

Here, Plaintiffs have explicitly plead that they engaged in concerted activities. In particular, they alleged that they "rallied and united the stunt community, forming the National League of SAG Stunt Performers." (Complaint at page 16, lines 9-18.) Thus, it is indisputable that Plaintiffs alleged that they

14

engaged in "concerted activity" and therefore this prong of the analysis is satisfied.

> b.     Plaintiffs' Activities Were for the Purpose of Mutual Aid.

The United States Supreme Court said that "the 'mutual aid or protection clause' protects from retaliation by their employers when they seek to improve working conditions through resort to administrative and judicial forums." *Eastex, Inc. v. N.L.R.B.*, 437 U.S. 556, 566-67 (1978).

This mutual aid prong of the analysis is also satisfied because Plaintiff affirmatively represented that they "rallied and united" individuals to "legally sue the Screen Actors Guild and thereby achiev[e] the desired outcome", which was the protection of the "right to work for average stunt people." (Complaint at page 16, lines 9-18.)   Hence, Plaintiffs clearly asserted that they resorted to a judicial forum for the purpose of improving their working conditions and, as such, meet the definition of mutual aid set forth by the United States Supreme Court.

Thus, based on the face of the Complaint, both of the requirement for invoking NLRA preemption are satisfied, and accordingly this claim is preempted by the NLRA.

> 2.     <u>Plaintiffs Cannot Re-Characterize This Cause of Action As A Claim for a Violation of State or Federal Anti-Discrimination Law Because They Failed to Exhaust the Administrative Requirements.</u>

> a.     Plaintiffs Failed to Exhaust With the EEOC.

As explained above, "a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim." *Lyons v. England*, 307 F.3d 1092, 1103 (9th Cir. 2002). A plaintiff does so by filing a charge with the EEOC, prior to filing a suit in the district court. 42 U.S.C. § 2000e-5(b); see also *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990).

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

1    The complaint does not allege that this requirement was satisfied and, at
2  this point, the 300 day deadline to do so has passed. Accordingly, Plaintiffs
3  cannot pursue any claim for a violation of any federal anti-discrimination statute.

4    b.    Plaintiffs Failed to Exhaust with the DFEH.

5    The California Fair Employment and Housing Act ("FEHA") makes it
6  unlawful for an employer or other employee to harass an employee in terms,
7  conditions, or privileges of employment based on the employee's protected status,
8  as defined under the act.   California *Government Code* §12940, subd. (m).
9  However, before a person may file a civil complaint alleging a violation of this
10  statute against a defendant, he or she must first file an administrative claim with
11  the Department of Fair Employment and Housing (DFEH). California
12  *Government Code* §12960.   The administrative claim must be filed with the
13  DFEH no more than "one year from the date upon which the alleged unlawful
14  practice or refusal to cooperate occurred." California *Government Code* §12960,
15  subd. (d).

16    As such, under FEHA, an employee has only exhausted his administrative
17  remedy after filing a complaint with the DFEH regarding the defendant and
18  obtaining from the DFEH a notice of right to sue.  Only then can an employee file
19  a civil action in court based on violations of the FEHA against the defendant.
20  California *Government Code* §§12960, 12965 subd. (b); *Rojo v. Kliger* (1990) 52
21  Cal.3d 65, 88; *Martin v. Lockheed Missiles & Space Co.* (1994) 29 Cal.App.4th
22  1718, 1724.  The timely filing of an administrative complaint is a prerequisite to
23  the bringing of a civil action for damages under FEHA.   *Romano v. Rockwell*
24  *International, Inc.* (1996) 14 Cal.4th 479; *Accardi v. Superior Court* (1993) 17
25  Cal.App.4th 341, 349; *Denney v. Universal City Studios, Inc.* (1992) 10
26  Cal.App.4th 1226, 1232.

27    As is the case with federal anti-discrimination laws, under FEHA,
28  exhaustion of administrative remedies is a "jurisdictional prerequisite to resort to

16

the court." *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 70; *see also Campbell v. Regents of Univ. of Calif.* (2005) 35 Cal.4th 311, 321. Thus, a failure to file an administrative charge before commencing suit is grounds for dismissal of the action for violations of FEHA. *Okoli v. Lockheed Technical Operations Co.* (1995) 36 Cal.App.4th 1607, 1613; *Martin v. Lockheed Missiles & Space Co., Inc.* (1994) 29 Cal.App.4th 1718, 1724.

Plaintiff bears the burden of pleading and proving the timely exhaustion by filing a sufficient charge with the Department of Fair Employment and Housing ("DFEH") and obtaining a right-to-sue letter. *See Westinghouse Electric Corporation v. County of Los Angeles* (1974) 42 Cal.App.3d 32, 37; *Holland v. Union Pacific Railroad Company* (2007) 154 Cal.App.4th 940, 946.

Plaintiffs did not plead that they exhausted the administrative requirement of FEHA by timely filing the complaint with the DFEH. Further, since the conduct at issue occurred in 2013 and they only had one year to satisfy this requirement, they are now too late to exhaust. Accordingly, Plaintiffs cannot pursue a state law discrimination claim.

**E.** **The Seventh Cause of Action for Retaliation Fails as a Matter of Law Because it is Preempted by the NLRA and Any Amendment to Cure That Defect Is Barred by Plaintiffs' Failure to Exhaust.**

The retaliation claim fails for the exact same reason as the discrimination claim. Specifically, this claim is preempted by the NLRA. Further, the claim cannot be rewritten as a civil rights claim because Plaintiffs failed to exhaust. Accordingly, this claim should be dismissed without leave to amend.

1. The Retaliation Claim is Subject to NLRA Preemption.

Plaintiffs' allege that they engaged in activities covered by the NLRA and were retaliated against for having done so. In particular, they allege that they engaged in political activities, organized and "rallied" union members, created a new union or bargaining unit and initiated legal action to safeguard the rights of

the "average stunt people." (Complaint at pages 18-19) Thus, Plaintiffs clearly engaged in concerted activity for the purpose of securing mutual aid. They also allege that they were retaliated against for having engaged in that conduct. As explained by the United States Supreme Court: "the 'mutual aid or protection clause' [of the NLRA] protects employees from **retaliation** by their employers when they seek to improve working conditions through resort to administrative and judicial forums." *Eastex, Inc. v. N.L.R.B.*, 437 U.S. 556, 566-67 (1978). Thus, the conduct at issue is clearly covered by the NLRA. Indeed, the Plaintiffs are suing because they believe they were retaliated against for exercising the rights to organize which are set forth in the NLRA. Thus, the NLRA clearly applies and as such preempts this claim. Moreover, since Plaintiffs' primary argument is that their NLRA rights have been violated, they cannot amend this cause of action to plead around NLRA preemption.

>    2.    Plaintiffs Cannot Assert A Retaliation Claim Based On Either State or Federal Anti-Discrimination Laws Since They Failed to Exhaust Their Administrative Requirement.

As explained in foregoing sections, to pursue a state or federal discrimination claim, Plaintiffs' first need to timely exhaust the administrative requirements of either state or federal law. The federal administrative requirement is exhausted by filing a charge with the EEOC and the state version is exhausted by filing a charge with the DFEH. Plaintiffs did not plead that they have filed with either agency. Moreover, it is now too late to do so. Accordingly, even if Plaintiffs completely jettison all discussion of the union activities, they still could not assert a retaliation claim because of their failure to satisfy the administrative requirement.

//

### F.    Eighth Cause of Action for Harassment Fails as a Matter of Law Because it is Preempted by the NLRA and Any Attempt to Cure That Defect Is Barred by Plaintiffs' Failure to Exhaust.

Plaintiffs' harassment claim fails to state sufficient facts to constitute a cause of action as to EP because Plaintiffs do not actually describe what EP did to harass them. Indeed, Plaintiffs' only reference to EP in this cause of action is the following:

> "Plaintiffs were subsequently harassed by Defendants SCREEN ACTORS GUILD, SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS, who failed to correct deliberately erroneous pension and health contributions reported with respect to Plaintiffs by Defendants SONY PICTURES ENTERTAINMENT, COLUMBIA PICTURES, ENTERTAINMENT PARTNERS, AVI ARAD PRODUCTIONS, ARMSTRONG ACTION." (Complaint at page 22, lines 4-9)

Thus, the alleged harassment was perpetrated by the Defendants SCREEN ACTORS GUILD and SCREEN ACTORS GUILD PRODUCERS PENSION AND HEALTH PLANS as opposed to EP.   There are no other allegation in respect to EP under this cause of action. Accordingly, Plaintiffs have failed to plead even in the most conclusory fashion that EP harassed. This claim is therefore deficiently pled.

Beside the key missing facts, this claim is also barred as a matter of law because it is preempted by the NLRA.   Indeed, Plaintiffs' incorporate by reference the entirety of the retaliation and discrimination claims into this cause of action and then plead that Plaintiff BJ Davis "was subjected to harassment, in retaliation for his protected activities." The protected activities are the union organizing activities discussed in the retaliation and the discrimination claims. Thus, the harassment claim is no different than the discrimination or retaliation claims since all three allege that Plaintiffs engaged in conduct covered by the NLRA and were targeted for having done so. Accordingly, this claim is also preempted by the NLRA.

Points & Authorities In Support of Entertainment Partners' Motion to Dismiss

As was the case with the discrimination and retaliation claims, this claim also cannot be rescued from NLRA preemption by characterizing it as a state or federal anti-discrimination claim because the Plaintiffs have failed to exhaust the necessary administrative requirements. (See, Section II (D)(2), supra.)

**G.    The Ninth Cause of Action for Denial of Medical Treatment Fails Because of Workers' Compensation Exclusivity.**

There is no federal or state claim for denial of medical treatment and accordingly Plaintiffs have failed to state a claim.

In addition, it is evident that this claim is nothing more than an attempt to obtain financial compensation for personal injuries suffered on the job and as such, it is subject to workers' compensation exclusivity. Indeed, as explained supra, a workers' compensation claim is generally the employee's only remedy for injuries resulting from an employer's conduct that is a normal part of the employment relationship. *Shoemaker v. Myers*, (1990) 52 Cal.3d 1, 15; see also *Mueller v. County of Los Angeles* (2009) 176 Cal.App.4th 809, 823; Lab. Code § 3208.3.  Here, Plaintiffs seek to recover medical costs resulting from a physical injury suffered at work. The injury was sustained while BJ Davis was performing a stunt and working in his capacity as a stunt man. Such injuries and associated costs are clearly covered by the workers' compensation exclusivity rule and accordingly this claim fails as a matter of law.

**IV.    <u>CONCLUSION</u>**

For the forgoing reasons, EP respectfully requests that the Court dismiss the 4th-9th causes of action from the Complaint with prejudice or dismiss EP from the action with prejudice.

Date:  June 29, 2015                              FISHER & PHILLIPS LLP


                                                 By:    /s/  Boris Sorsher
                                                        JOHN M. POLSON
                                                        BORIS SORSHER
                                                        Attorneys for Defendant
                                                        ENTERTAINMENT PARTNERS

20

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California  92614.

On **June 29, 2015**, I served the foregoing document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ENTERTAINMENT PARTNERS' MOTION TO DISMISS PURSUANT TO FRCP RULES 12(b)(1), 12(b)(6)**, on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

### SEE ATTACHED MAILING LIST

☒  **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐  **[by ELECTRONIC SUBMISSION]** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐  **[by PERSONAL SERVICE]**  I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s).  Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

☒  **FEDERAL**  -  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **June 29, 2015**, at Irvine, California.

DOROTHY MJ. WANG _____     By:   /s/  Dorothy Mj. Wang _____
<span style="padding-left:4em">Print Name</span>                                            <span style="padding-left:10em">Signature</span>

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>MAILING LIST</u>
*Julia Davis, BJ Davis v. Sony Pictures, Entertainment Partners, et al.*
USDC Case no. CV15-04276-MWF (ASx)

| | |
|---|---|
| Julia Davis<br>BJ Davis<br>11271 Ventura Blvd., Suite 733<br>Studio City, CA 91604<br>(310) 494-0107<br>Email:  JuliaDavisNews@gmail.com | Plaintiffs In Pro Per |

22
CERTIFICATE OF SERVICE